**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Cruz Rocha, SBN 279293
crocha@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S OFFICE, ANDREW SEIDEL, DAVID CUNEO, SARA DLUGOPOLSKI, PEDRO AVALOS, CARLOS RODRIGUEZ, MARCELINA MARTINEZ, AIMEE RIVERA, JOE DURAN, WILLIAM ROBINSON, ANDREW GONZALES, CHRISTOPHER PICANCO, JOHN LOPES, SERGEANT LOWERY, ALEX ZAKRZEWSKI, BRANDON WRIGHT, DETECTIVE RICHARD S. HAMILTON, LINDSEY LAMB, and CHRIS BRITTON
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA DAHER in her individual capacity and as successor-in-interest to JAIME NARANJO,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S OFFICE, ANDREW SEIDEL, DAVID CUNEO, SARA DLUGOPOLSKI, PEDRO AVALOS, CARLOS RODRIGUEZ, MARCELINA MARTINEZ, AIMEE RIVERA, JOE DURAN, WILLIAM ROBINSON, ANDREW GONZALES, CHRISTOPHER PICANCO, JOHN LOPES, SERGEANT LOWERY, ALEX ZAKRZEWSKI, BRANDON WRIGHT, DETECTIVE RICHARD S. HAMILTON, LINDSEY LAMB, AND CHRIS BRITTON,<br><br>            Defendants. | CASE NO.  2:24-cv-02611-JAM-SCR<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**<br><br>FAC: 12/12/2024<br>Complaint Filed:  9/26/24 |

1

## STIPULATED PROTECTIVE ORDER

**A.    PURPOSE AND LIMITATION**

The Parties believe that the disclosure and discovery activity concerning the materials described in section C of this stipulated protective order is likely to involve production of confidential or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The Parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Fed. R. Civ. P. 26(c).  The Parties further acknowledge that this protective order does not entitle any party to file information designated as protected or confidential under seal, where E.D. Cal. L.R. 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

The Parties jointly request entry of this proposed Stipulated Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

**B.    DEFINITIONS**

The following definitions shall apply to this Stipulated Protective Order:

1.    The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.    "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Stipulated Protective Order.

3.    "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order.  Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c).  Confidential Documents, material, and/or information shall be used solely for purposes of litigation.  Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.  "Defendants" shall mean COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S OFFICE, ANDREW SEIDEL, DAVID CUNEO, SARA DLUGOPOLSKI, PEDRO AVALOS, CARLOS RODRIGUEZ, MARCELINA MARTINEZ, AIMEE RIVERA, JOE DURAN, WILLIAM ROBINSON, ANDREW GONZALES, CHRISTOPHER PICANCO, JOHN LOPES, SERGEANT LOWERY, ALEX ZAKRZEWSKI, BRANDON WRIGHT, DETECTIVE RICHARD S. HAMILTON, LINDSEY LAMB, and CHRIS BRITTON.

5.  "Plaintiff" shall mean ELISA DAHER in her individual capacity and as successor-in-interest to JAIME NARANJO.

6.  "Parties" shall mean Plaintiff and Defendants, identified above.

## C.    INFORMATION COVERED

Covered Information:

Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this Stipulated Protective Order is limited to the following:

1.  Personnel Files of ANDREW SEIDEL, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

2.  Personnel Files of DAVID CUNEO, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

3.  Personnel Files of SARA DLUGOPOLSKI, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

4.  Personnel Files of PEDRO AVALOS, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

5.  Personnel Files of CARLOS RODRIGUEZ, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of

3

discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

6.      Personnel Files of MARCELINA MARTINEZ, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

7.      Personnel Files of AIMEE RIVERA, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

8.      Personnel Files of JOE DURAN, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

9.      Personnel Files of WILLIAM ROBINSON, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

10.     Personnel Files of ANDREW GONZALES, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

11.     Personnel Files of CHRISTOPHER PICANCO, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

12.     Personnel Files of JOHN LOPES, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

13.     Personnel Files of SERGEANT LOWERY, including any documents related to

4

investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

14.     Personnel Files of ALEX ZAKRZEWSKI, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

15.     Personnel Files of BRANDON WRIGHT, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

16.     Personnel Files of RICHARD S. HAMILTON, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

17.     Personnel Files of LINDSEY LAMB, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

18.     Personnel Files of CHRIS BRITTON, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline (except to the extent subject to disclosure, including pursuant to California Penal Code § 832.7).

19.     Personal health information of any Party, including records of medical and/or mental health evaluation, diagnosis, and treatment.

20.     Sensitive financial information of any Party, including bank statements, credit card statements, tax returns, investment records, assets, and liabilities.

21.     Personal identifying information of any Party, including social security numbers and home addresses.

<u>Particularized Need for Protection</u>:

Pursuant to E.D. Cal. L.R. 141.1(c)(2), the Parties assert that there exists a specific, particularized need for protection as to the information covered by this Stipulated Protective Order.  In good faith, it is represented to the Court that the materials designated to be covered by this Stipulated Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis.  *See e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (identifying a two-part test for obtaining a protective order under Fed. R. Civ. P. 26(c)).

<u>Showing of Need for a Protective Order</u>:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this Stipulated Protective Order is for the convenience of the Parties and the Court.  The Parties seek to avoid litigation and expenditure of resources concerning a potential Fed. R. Civ. P. 26(c) motion for protective order.  The entry of this Stipulated Protective Order prevents the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection under Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded based on the Parties good faith representations. *See e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn [Fed. R. Civ. P.] 26(c) on its head.").  As a result, production may be made with this Protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this Protective Order.

**D.     TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" by Defendants and produced subject to the following Stipulated Protective Order:

1.     The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case.  The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.     The Parties will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.     The Confidential Documents may only be disclosed to the following persons:

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
4868-8669-2850, v. 1

(a)      Attorneys and litigation support staff of BRAUNHAGEY & BORDEN LLP, DISABILITY LAW UNITED, and NATIONAL POLICE ACCOUNTABILITY PROJECT as counsel for Plaintiff in the case enumerated above;

(b)      Carl L. Fessenden and Cruz Rocha of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

(c)      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(d)      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e)      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

(f)      The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(g)      Witnesses during their depositions in this action.  If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential; and

(h)      Elisa Daher.

4.      Information covered by this Protective Order shall not be filed on the public docket unless: (1) prior to filing, the filing party provides at least 24-hour notice to the Designating Party of its intent to file, and the Designating Party consents in writing to de-designate the material or redacts the portion of the document the Designating Party asserts is Confidential; or (2) the filing party obtains an order from the Court authorizing the filing of such materials under seal pursuant to E.D. L.R. 141. If permission to file under seal is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5.      The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

4868-8669-2850, v. 1

6.      Any party or non-party may challenge a designation of confidentiality at any time.  A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.      Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly (a) inform counsel for Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and

(b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8.     The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulated Protective Order.

9.     The protections conferred by this Stipulated Protective Order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this Stipulated Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10.     Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. All confidential documents or information that is subject to this protective order shall be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case or the entry of a Final Order (i.e., an Order not subject to further appeal).  Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that the parties agree that all such Confidential Information will continue to be confidential under this Order.

11.     Notwithstanding the above requirements to return or destroy documents, counsel for the Parties may retain a copy of Confidential Information as part of counsels' case files. After the conclusion of this litigation, the Confidential Documents will remain confidential.  "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
4868-8669-2850, v. 1

any other reason.

12.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13.     The parties may request additional records to be subject to this Stipulated Protective Order. If a party believes a document to be produced should be subject to this Stipulated Protective Order, the parties must meet and confer.  If there is agreement, the parties shall submit an amendment to this Stipulated Protective Order to identify the additional documents.  If the parties cannot agree, a Motion for Protective Order shall be filed accordingly.

14.     During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Stipulated Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED:**


Dated:  March 3, 2025                    PORTER SCOTT
                                         A PROFESSIONAL CORPORATION

                                         By /s/Cruz Rocha_____
                                              Carl L. Fessenden
                                              Cruz Rocha
                                              Attorneys for Defendants


Dated: March 3, 2025                     Respectfully Submitted,

                                         BRAUNHAGEY & BORDEN LLP

                                         By:  /s/Kevin Opoku-Gyamfi (Authorized on 2/21/25)
                                              Matthew Borden
                                              Kevin Opoku-Gyamfi
                                              Attorneys for Plaintiff

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
4868-8669-2850, v. 1

1  Dated: March 3, 2025

DISABILITY LAW UNITED

2

3  By:  /s/Cynthia Rice (Authorized on 2/21/25)
         Cynthia L. Rice
         Attorney for Plaintiff

4

5  Dated: March 3, 2025

6

7                    NATIONAL POLICE ACCOUNTABILITY PROJECT

By:  /s/Eliana Machefsky(Authorized on 2/21/25)
     Keisha James
8    Eliana Machefsky
     Attorney for Plaintiff

9

10

11

                    **[~~PROPOSED~~] ORDER**

12

13      Pursuant to the Parties' stipulation, IT IS SO ORDERED.

14

DATED: March 3, 2025

15

16

17

                    SEAN C. RIORDAN
18                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

---

11

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

4868-8669-2850, v. 1

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____ [print or

4   type full address], declare under penalty of perjury that I have read in its entirety and understand the

5   Stipulated Protective Order that was issued by the United States District Court, Eastern District of

6   California, on [date] in the case of *Daher v. County of Sacramento, et al.*, Case No. 2:24-cv-02611-JAM-

7   SCR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

8   understand and acknowledge that failure to so comply could expose me to sanctions and punishment in

9   the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item

10  that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

11  the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court, Eastern District of

13  California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

14  enforcement proceedings occur after termination of this action.

15      I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as my

17  California agent for service of process in connection with this action or any proceedings related to

18  enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26

27

28

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

4868-8669-2850, v. 1