UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA DAHER, | No.  2:24-cv-02611-DC-SCR |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO COMPEL |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to compel responses to requests for production. ECF No. 49.  The motion to compel is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636.  After a hearing on the motion to compel, the Court now GRANTS IN PART and DENIES IN PART the motion.

**I.    Procedural History and Background**

Plaintiff filed this action on September 26, 2024, but now proceeds on an amended complaint filed December 12, 2024.  ECF No. 21.  Plaintiff is the wife of decedent, Jaime Naranjo, who a Sacramento County Sherrif's Deputy shot and killed on September 28, 2022, while Mr. Naranjo was in the midst of an alleged mental health crisis.  Plaintiff challenges not only the particular manner that Defendants responded to her husband's mental health crisis, but their purported use of excessive force more generally against people experiencing similar crises. Plaintiff asserts thirteen causes of action under 42 U.S.C. § 1983, the Americans with Disabilities

1

Act ("ADA"), the Rehabilitation Act, and state law.  Relevant to the instant motion to compel, Plaintiff's complaint includes two municipal liability claims pursuant to *Monell* (Sixth and Eighth Causes of Action).

Defendants filed an Answer on January 16, 2025, and the parties submitted a joint discovery plan.  ECF Nos. 27 & 28.  Judge Coggins entered a Scheduling Order on February 14, 2025.  ECF No. 29.  The Scheduling Order provided that all fact discovery would be completed by October 24, 2025, which was the date proposed by the parties.  ECF No. 29 at 3.  The parties submitted a proposed protective order concerning personnel files (ECF No. 31), which the undersigned signed on March 3, 2025 (ECF No. 32).

On August 26, 2025, the parties submitted a stipulated request to modify the scheduling order.  ECF No. 42.  Judge Coggins approved the stipulation, which extended the deadline for the completion of fact discovery to February 24, 2026.  ECF No. 23.  On February 9, 2026, the parties filed a second stipulated request to modify the scheduling order.  ECF No. 46.  Judge Coggins approved the stipulation, which extended the deadline for the completion of fact discovery to May 26, 2026.  ECF No. 48.

On March 13, 2026, Plaintiff filed a motion to compel responses to requests for production.  ECF No. 49.  The parties submitted a joint statement concerning this dispute.  The Court heard the motion on April 23, 2026.

## II.    Nature of Disputes and Rulings

Plaintiff's motion to compel originally sought to compel production of documents responsive to ten RFPs from Plaintiff's First Set of Requests for Production, which were directed to Defendant Sacramento County Sheriff's Office ("SCSO").  By the time the parties filed the Joint Statement (ECF No. 50), the dispute had narrowed to six RFPs constituting five disputes.  The Court notes each remaining dispute and its ruling as to each dispute, as follows:

1. **Request for Production No. 13**: All Documents Concerning any internal investigation of the Incident or Investigation, including findings, conclusions, and recommendations.

   **SCSO's Response**: Responding Party will comply with this request in whole and

2

produce all responsive documents in its possession, custody, or control. See DEF 000004-000007, 000329-000563, 001717-001724.

At the hearing, the parties noted that Defendant SCSO had just produced an additional 1,500 documents in response to RFP No. 13.  Defendant SCSO represented that the production included the PowerPoint presentation that Plaintiff had specifically identified in the Joint Report.

Despite this production, Plaintiff requested at the hearing that the Court order Defendant SCSO to produce all documents responsive to RFP No. 13.  SCSO represents it has "complied in full" and offers some explanation for why Plaintiff may believe there are more documents, when there are not.  ECF No. 50 at 9.  First, Defendant states that most investigation communications between the DA's Office and SCSO are done in physical form and through presentations.  *Id*. Defendant states it has produced a binder, photographs, reports, etc., but there are just simply not many emails.  *Id*.  Defendant also states it is conducting additional searches with new search terms.  *Id.* at 10.  Plaintiff stated at the hearing her belief that there should be electronic versions of documents shared between the DA's Office and SCSO in physical form.

The Court **ORDERS** as follows: Based on the current record and SCSO's representations, a blanket order compelling a further search and production is not warranted.  If after reviewing the recent production, Plaintiff has particular reasons to believe that SCSO's search or production is inadequate, the parties shall further meet and confer to determine if there are additional searches that SCSO is willing to run in order to identify potentially responsive documents.  After such a meet and confer, Plaintiff may contact the Court's courtroom deputy to arrange for an informal telephonic discovery conference ("IDC") with the undersigned as provided in the Court's Civil Standing Order, Section II.B, to discuss any remaining aspects of this dispute.[1]

*** 

2. **Request for Production No. 16**: All Communications including emails, text messages, memos, bulletins, official or unofficial meeting minutes, meeting notes, or other Communications between and amongst any individual associated with or

---

[1]  Such an IDC would not prejudice Plaintiff's ability to subsequently file a formal motion under Local Rule 251, as may be appropriate.

3

employed by SCSO and/or any individual associated with or employed by Sacramento County regarding the Incident, SCSO's Investigation, Mr. Naranjo, and/or Plaintiff.

**Request for Production No. 25**: All Documents and/or Communication Concerning the Incident and/or the Investigation.

**SCSO's Response to Request No. 16**: Responding Party will comply with this request in whole and produce all responsive documents in its possession, custody, or control. See DEF 000004-000007, 001717-001724, 019166-019448, 020702-020754, 021451-021776, 022318-022672.

**SCSO's Response to Request No. 25**: Objection. Compound. Vague as to time. This request is duplicative of request nos. 1-4, 13, 16-17, and 24. Without waiving said objections, Responding Party responds as follows: Responding Party will comply with this request in whole and produce all responsive documents in its possession, custody, or control. See DEF 000004-000563, 001717-001942, 002034-002038, 002081-002086, 002341-002347, 002475-002478, 019166-019448, 020702-020754, 021451-021776, 022318-022672, 021030-021070. (Ex. 3.)

As to these RFPs, Plaintiff takes issue with the manner of the search and production, rather than with what was produced.  Plaintiff states that emails were not produced in native format, and that Defendant SCSO used inadequate search terms and did not identify the search terms.  ECF No. 50 at 12.  Plaintiff also contends that SCSO did not adequately search officer cell phones for texts and should be compelled to "image" the officer cell phones.  *Id*. at 11-12.

**Native Format**: SCSO does not argue that it will not produce in native format.  ECF No. 50 at 13.  SCSO states it originally produced email batches in pdf format because some of the emails required redaction.  *Id*.  SCSO represents has been producing in native format, and will "reproduce its early email production in native format."  *Id*.  However, at the hearing, SCSO noted that it had not yet been able to determine precisely how to accomplish such reproduction, as it has not yet identified the search terms used for the earlier email production.

The Court **ORDERS** as follows: Within seven (7) days of the date of this Order, SCSO shall provide a concrete update to Plaintiff as to recovery or recreation of applicable search terms,

4

including an estimated timeline for completion of the reproduction in native format. If SCSO is unable to provide a concrete timeline for the completion of the reproduction, or if that timeline would substantially delay the overall progress of this action towards trial, Plaintiff may seek further relief from the Court, which may include seeking an order that SCSO employ an outside vendor.

**Search Terms**: SCSO states that Plaintiff was invited to submit search terms, and initially refused. *Id*. at 14. After SCSO produced documents, then Plaintiff provided "a slew of additional search terms" which SCSO characterizes as "general and overly broad." *Id*. SCSO states it has shared the search terms it used and provided "hit counts." *Id*. At the hearing, Plaintiff noted a lack of transparency as to the custodians whose emails have been searched.

The Court **ORDERS** as follows: Within seven (7) days of the date of this Order, SCSO shall provide Plaintiff with information about the custodians whose emails were already searched, including hit counts for each of those custodians for each search. Based on this information, Plaintiff may seek to further meet and confer with SCSO over the adequacy of the search and productions. After such a meet and confer, Plaintiff may arrange for an IDC with the undersigned to discuss any remaining aspects of this dispute.

**Officer Cell Phones:** SCSO states that at the 30(b)(6) deposition Vasquez testified that the deputies had been instructed to search their phones and provide responsive documents. ECF No. 50 at 13. Vasquez also testified that when deputies send texts it is generally via admin messaged on their mobile data terminals, and those were produced. *Id.* Vasquez allegedly also testified that in order to mirror and search the cell phones a search warrant would be required.[2] *Id.* For the reasons discussed at the hearing, SCSO's process for searching for potentially responsive text messages appears to be inadequate, particularly given Plaintiff's claim that at least one defendant deputy testified in deposition that they did not recall being instructed to engage in such a search.

The Court **ORDERS** as follows: SCSO shall create a "mirror image" of the digital data

---

[2] SCSO has furnished no authority showing that a court order like this one is insufficient to authorize such a search.

for each work-issued cellular telephones for each deputy who is a defendant in this action and shall search such digital data for information potentially responsive to these RFPs.  Absent extenuating circumstances, SCSO shall complete that imaging, search, and any resulting production on or before May 26, 2026.

***

3.  **Request for Production No. 14**: All Documents Concerning civilian complaints made against SCSO, its officers, or its employees, representatives, agents, or partners, during the Relevant Period, including SCSO's investigation into and resolution of each complaint, relating to SCSO's handling of individuals experiencing mental health and/or behavioral crises.

**SCSO's Response**: Objection. This request is overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of "Relevant Period" as overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. Vague as to "civilian complaints", "SCSO's handling of individuals", and "behavioral crises." Compound. This request is duplicative of request nos. 23 and 29. This request constitutes an undue burden and expense. Without waiving said objections, Responding Party responds as follows: Civilian complaints are not maintained in a searchable database but saved as individual copies/images, and they are not categorized by "handling of individuals experiencing mental health and/or behavioral crises", nor would any such complaint categorize the claim as such. As a result, Responding Party is unable to comply with this Request as phrased. However, following a diligent search and reasonable inquiry, Responding Party was able to locate the following information related to civilian complaints and civilian complaints made against defendant deputies: DEF 026849-028274 (Emails re citizen complaints), 021071- 021449 (Avalos, Hamilton, Robinson complaints), 020755- 020776 (Joe Duran Civilian Complaint).

SCSO acknowledges that responsive civilian complaints are discoverable, and that they

are in the process of manually searching the repository of such complaints.  Accordingly, and for the further reasons discussed at the hearing, it does not appear that an order compelling further action by SCSO is appropriate at this point.

The Court **ORDERS** as follows: After SCSO makes any production in response to this RFP, Plaintiff may seek to meet and confer with SCSO over the adequacy of the search and production.  After such a meet and confer, Plaintiff may contact the courtroom deputy to arrange for an IDC with the undersigned for the parties to discuss any remaining aspects of this dispute.

***

4.   **Request for Production No. 19**: All Documents Concerning calls for service and/or incidents during the Relevant Period in which SCSO consulted and/or deployed a Crisis Intervention Team or mental health professional, including all records related to such consultation or deployment.

**SCSO's Response**: Objection. This request is overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of "Relevant Period" as overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. Vague as to "consulted and/or deployed". Without waiving said objections, Responding Party responds as follows: With the understanding that this request seeks documents related to the number of occasions mental health calls were received by Responding Party in contrast to the number of times MCST was dispatched, Responding Party will comply with this request in whole and produce all responsive documents in its possession, custody, or control. See DEF 002032-002033. Following a diligent search and reasonable inquiry, Responding Party is unable to further supplement this Response because no such records were maintained. Responding Party is informed and believes that the only records generated from calls to which MCST/CCIT may have appeared would be HIPAA protected records if BHS generated a new client. This Request appears to be predicated on the mistaken assumption that MCST/CCIT were dispatched to calls, as opposed to

7

appeared at calls during ride-along if they thought their services may be of use.

In response to this RFP, SCSO produced a two-page document that is a chart (ECF No. 50-8 at 2-3) which references calls for service between 2017 and 2023 that were "flagged as mental health related" and to which the Crisis Intervention Team (CIT) "was dispatched." Plaintiff contends that SCSO should have produced computer-aided dispatch (CAD) logs, and that none have been produced. Per the chart, Plaintiff argues there were 5,569 mental health calls in 2022 alone, the year decedent was shot and killed. ECF No. 50 at 18.

SCSO contends that the request is overbroad and burdensome and that Plaintiff's request for all CAD data would encompass 28,724 reports between 2017 to 2022 (which is not even Plaintiff's entire "relevant period"). *Id*. at 19. SCSO's analyst who was able to pull data from the CAD reports, no longer works at SCSO. *Id*. SCSO also argues relevance, and that Plaintiff has not explained "how production of files related to tens of thousands of CAD reports is required to prove her *Monell* claims." *Id.* at 20. Defendant states it is undisputed that the deputies respond to mental health calls and that deputy defendants in this case admit to responding to hundreds of calls. *Id*.

At the hearing, Plaintiff explained her theory of *Monell* liability and noted certain of the "categories" and "flags" that could be searched within CAD records. As indicated at the hearing, the Court finds that responsive CAD logs are relevant, at a minimum, to Plaintiff's *Monell* claims. While a manual review of all 28,724 potentially responsive reports between 2017 to 2022 would be unduly burdensome, it does not appear that SCSO has meaningfully sought to search for the most responsive reports among all those potentially responsive reports.

The Court **ORDERS** as follows: Within seven (7) days of the date of this Order, SCSO shall designate a staff member to become proficient in running searches on the CAD system, at least to the same degree as the analyst who prepared the chart. The parties shall then meet and confer about the viability of using Plaintiff's proposed "category" and "flag" search terms to narrow the number of potentially responsive documents. Plaintiff should also consider narrowing the relevant period. The parties may also consider a sampling protocol in lieu of other methods to identify responsive documents. If after the meet and confer process described herein there

remains a dispute about this RFP, Plaintiff may arrange for an IDC with the undersigned.

***

5.  **Request for Production No. 27**: All Documents Concerning the number of 911 calls SCSO received during the Relevant Period seeking help for a person experiencing a possible behavioral or mental-health crisis.

**SCSO's Response**: Objection. This request is overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of "Relevant Period" as overbroad, beyond the scope of the pleadings, and not reasonably calculated to lead to the discovery of admissible evidence. This request constitutes an undue burden and unreasonable expense. Vague as to "possible behavioral or mental-health crisis." Calls for speculation. This request seeks confidential information. Without waiving said objections, and with the understanding that this request seeks documents/audio pertaining to 911 calls involving a possible behavioral or mentalhealth crisis, Responding Party responds as follows: Audio from the 911 system is only kept for 2 years. Moreover, the 911 system may only be searched by date, event number, call-taker, and location. The Sacramento County 911 system receives over 40,000 calls per month. As a result, trying to identify calls that may contain a mental health component is not feasible.

Plaintiff argues this request is relevant to show that SCSO regularly received calls for persons undergoing mental health crises and thus Defendant knew deputies would be responding and engaging with such individuals. ECF No. 50 at 20-21. Plaintiff further argues the call data will show a "systemic failure" to deploy the Mobile Crisis Support Team (MCST) "during MCST's hours of operation" as well as to expand MCST's service hours. *Id*. at 21.

Defendant responds that it transitioned to new 911 system in September 2024, and that 911 audio is only kept for two years. *Id.* at 22. Defendant states that it is an audio only system, cannot be searched for a "mental health" flag, and can only be reviewed by listening to the recording. SCSO receives approximately 40,000 calls every year. *Id*.

9

The Court finds that an order requiring a search and production from 911 data specifically would not be "proportional to the needs of the case" (Fed. R. Civ. P. 26(b)(1)).  The Court will not order a search or production as to this RFP.

### III.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to compel (ECF No. 49) is GRANTED IN PART and DENIED IN PART as noted above.

2) Should a more comprehensive protective order governing private or otherwise confidential information be warranted, the parties may submit a proposed protective order consistent with Local Rule 141.1.

SO ORDERED:

DATED: April 27, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

10